Jack D. BENDER, Plaintiff
and Appellant,

v.

TIME INSURANCE COMPANY,
Defendant and Appellee.

Civ. No. 9636.

Supreme Court of North Dakota.

Dec. 12, 1979.

Rehearing Denied Jan. 10, 1980.

Gary R. Wolberg, of Fleck, Mather, Strutz & Mayer, Ltd., Bismarck, for plaintiff and appellant.

Leonard H. Bucklin, of Zuger & Bucklin, Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

Jack D. Bender appeals from a summary judgment granted defendant Time Insurance Company ("Time"). We affirm in part and reverse in part and remand.

Time issued a medical insurance policy to Bender on December 13, 1972. In April of 1973, Bender had a general medical examination and it was found that he had moderately severe internal hemorrhoids. Bender filed a claim with Time for payment of the April 1973 examination and subsequent examinations and treatment within the 90-day period after loss as provided in the policy. Time refused to make payment on the ground that the hemorrhoids were a pre-existing condition not covered under the terms of the policy. Because Time refused to provide coverage, Bender delayed surgery needed to alleviate the problem until November of 1974 when he qualified for coverage under Blue Cross/Blue Shield.

Bender brought suit against Time in May of 1977 alleging two causes of action—one in contract for the cost of the hemorrhoid surgery and the second in tort for income loss during the time he was unable to have surgery and for pain and suffering. The complaint was allowed by the district court to be amended in July of 1978 to ask for greater compensation.

In January of 1979, the district court heard a motion by Time for summary judgment. The court also permitted Time to amend its answer to include the plea that Bender had failed to bring action on the medical insurance policy within the three-year limitation prescribed by Section 26–03.1–03, subsection 1–k, N.D.C.C.,[1] which in Bender's case expired on July 27, 1976. It was the opinion of the district court that the three-year statute of limitation of Section 26–03.1–03, subsection 1–k, was controlling rather than the six-year limitation of Section 28–01–16, subsection 1.[2] The trial court concluded that when Bender brought the action in May of 1977 he was outside the three-year limitation for actions on insurance contracts. The district court was also of the opinion that the action was totally based on contractual rights and that there was no independent tort involved which would come under the six-year limitation of Section 28–01–16(5), N.D.C.C.

After making its determination that the three-year statute of limitation applied, the district court refused to allow Bender to serve and file a proposed second amended complaint that included a specific bad-faith allegation. Summary judgment was ordered for Time, and Bender's action was dismissed with prejudice. Bender has appealed from this judgment.

The issues on appeal are:

1. Did the district court err by allowing Time to amend its answer after the original answer was served in order to assert as a defense the three-year statute-of-limitation provision of the insurance contract required under Section 26–03.1–03, subsection 1–k?,

2. Between Section 26–03.1–03, subsection 1–k, and Section 28–01–16, subsection

---

[1] Section 26–03.1–03, subsection 1, N.D.C.C., requires that an accident and sickness policy shall include, among others,

"k. A provision as follows:
LEGAL ACTIONS: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

[2] Section 28–01–16, N.D.C.C., provides, in part:

"The following actions must be commenced within six years after the cause of action has accrued:
"1. An action upon a contract, obligation, or liability, express or implied, subject to the provisions of sections 28–01–15 and 41–02–104."

1, which statute of limitation is applicable to an action on an insurance policy?

3. Does Bender's first amended complaint state a cause of action in tort not barred by the three-year limitation of Section 26–03.1–03, subsection 1–k?

4. Did the district court err in refusing to allow Bender to file a second amended complaint?

5. If the district court erred in refusing to allow Bender to file a second amended complaint, does the proposed second amended complaint raise a cause of action in tort outside the three-year limitation of Section 26–03.1–03, subsection 1–k?

We first consider whether or not the district court erred in allowing Time to amend its answer to assert as a defense the three-year limitation-of-action provision of the insurance contract required under Section 26–03.1–03, subsection 1–k. Bender served his original summons and complaint on Time in May of 1977. Time served an answer in June of 1977 but did not specifically assert as a defense the three-year limitation of Section 26–03.1–03, subsection 1–k. It was not until January of 1979, at a hearing upon Time's motion for summary judgment, that Time requested and was granted permission to amend its answer to specifically include as a defense the running of the statutes of limitation.[3]

Rule 15(a) of the North Dakota Rules of Civil Procedure allows amendments to pleadings and provides that such amendments shall be freely allowed when justice so requires. This court has stated many times that a motion to amend submits the question of amendments to the informed, careful judgment of the trial court and that the propriety of permitting an amendment is a discretionary matter which will not be overruled by this court in absence of abuse. *Vasichek v. Thorsen*, 271 N.W.2d 555 (N.D.1978); *Crosby v. Sande*, 180 N.W.2d 164 (N.D.1970). A review of the record here does not reveal that the district court abused its discretion in allowing Time to amend its pleadings. The action was, in part, brought by Bender on the insurance contract, which contained a clause in compliance with Section 26–03.1–03, subsection 1–k, providing for a three-year limitation of action. Time in its original answer had denied entitlement generally under this contract.

Time did not specifically move to amend its answer to assert the three-year limitation until more than 19 months after the original answer. The North Dakota Legislature's enactment of Section 26–03.1–04, subsection 2, N.D.C.C. (discussed more fully under the next issue), which incorporates a three-year limitation of action into every insurance policy as a matter of law, shows strong legislative intent that the three-year limitation should control.

Bender may have spent many hours preparing for trial during those months, but the fact that all this preparation was "washed out" by the district court's decision to grant Time's motion to amend and its motion for summary judgment does not indicate the court abused its discretion under these circumstances.

Bender cannot complain that, through surprise caused by the amendment, he was unable to prepare a defense to the raising of the three-year statute of limitation. The district court did not reach a decision on the summary-judgment motion on the day of the hearing, but instead took under advisement the issue of whether the three-year limitation or the six-year limitation was applicable, and did not issue a decision on Time's motion for summary judgment until March 5, 1979. For the reasons stated, we affirm the district court's action in allowing Time to amend its answer.

Bender has also raised as error the district court's holding that the three-year limitation-of-action provision of the insurance contract, required by Section 26–03.1–03, subsection 1–k, was applicable. The district court based its decision upon *Wall v. Penn.*

---

3. N.D.R.Civ.P. 8(c) provides, in part:

"In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations, . . . "

*Life Ins. Co.*, 274 N.W.2d 208 (N.D.1979). In that case this court accepted the application of Section 26–03.1–03, subsection 1–k, as the proper statute of limitation for actions based upon accident or sickness insurance policies. It was not argued by the appellant in *Wall, supra*, as it is in this action, that Section 28–01–16, subsection 1, should apply instead of Section 26–03.1–03, subsection 1–k, but this does not change our decision. As provided under our rules of statutory interpretation at Section 1–02–07, N.D.C.C.:

> "Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail."

Section 28–01–16, subsection 1, imposes a general six-year limitation on contract actions. Section 26–03.1–03, subsection 1–k, imposes a special three-year limitation on sickness or accident insurance contract actions. Because all insurance policies also include contractual relationships, Section 26–03.1–03, subsection 1–k, would be meaningless if Section 28–01–16, subsection 1, were to control under the circumstances. We therefore find the two provisions irreconcilable, in which case Section 26–03.1–03, subsection 1–k, as a special provision, will prevail and will be considered an exception to the general provision found at Section 28–01–16, subsection 1.

There is also a specific indication of legislative intent that Section 26–03.1–03, subsection 1–k, should prevail. Section 26–03.1–04, subsection 2, provides, in part:

> "When any provision in a policy subject to this chapter is in conflict with any provision of this chapter, the rights, duties, and obligations of the insurer, the insured and the beneficiary shall be governed by the provisions of this chapter."

Thus, even if Time had incorporated the six-year limitation of Section 28–01–16, subsection 1, into its policy, Section 26–03.1–04, subsection 2, would have required the three-year limitation of Section 26–03.1–03, subsection 1–k, to govern instead. We agree with the district court's application of Section 26–03.1–03, subsection 1–k, to Bender's suit on the insurance policy, and therefore affirm its granting of summary judgment to Time on the contract action.

However, we must consider whether or not Bender's complaint states a cause of action in tort which would not be barred, as is the insurance contract action, by the three-year limitation of Section 26–03.1–03, subsection 1–k. The district court held that the action was based totally on contractual rights and was in no manner an independent tort. We do not agree.

In an action against an insurer it is possible to have a claim in tort separate and apart from a claim on the insurance contract. As we said in *Corwin Chrysler-Plymouth, Inc. v. Westchester Fire Insurance Co.*, 279 N.W.2d 638, 645 (N.D.1979):[4]

> "The insurer's duty to act in good faith, however, emanates not from the terms of the insurance contract but from an obligation 'imposed by the law, under which the insurer must act fairly and in good faith in discharging its contractual responsibilities.' *Gruenberg v. Aetna Insurance Company, supra.* Thus, in a proper case, an insurance company found to have acted in bad faith could be required to pay punitive damages to its insured."

In *Corwin Chrysler-Plymouth, Inc., supra,* 279 N.W.2d at 643, we quoted with approval the following statement from the Supreme Court of California in *Gruenberg v. Aetna Insurance Company*, 9 Cal.3d 566,

---

4. It should be noted that at the time of the memorandum opinion denying the existence of a tort claim, our opinion in *Corwin Chrysler-Plymouth, supra,* was not available for the district court's consideration.

573–574, 108 Cal.Rptr. 480, 485, 510 P.2d 1032, 1037 (1973):

" . . . in the case before us we consider the duty of an insurer to act in good faith and fairly in handling the claim of an insured, namely a duty not to withhold unreasonably payments due under a policy. . . . That responsibility is not the requirement mandated by the terms of the policy itself—to defend, settle, or pay. It is the obligation, deemed to be imposed by the law, under which the insurer must act fairly and in good faith in discharging its contractual responsibilities. Where in so doing, it fails to deal *fairly and in good faith* with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy, such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing. [Emphasis in original.]"

A breach by an insurer of this duty to act in good faith gives the insured a cause of action in tort for damages proximately caused thereby.

Time relied upon *Vallejo v. Jamestown College*, 244 N.W.2d 753 (N.D.1976), for its contention that damages recovered for breach of contract cannot be more than the amount that would have been paid if the contract had been performed. This we do not dispute. But we went on in *Vallejo, supra*, 244 N.W.2d at 758, to say:

"Exemplary damages are not recoverable in an action for breach of contract unless the breach amounts to an independent, willful tort, in which event exemplary damages may be recovered under proper allegations of malice, wantonness, or oppression."

*Vallejo, supra*, concerned an employment contract and not an action against an insurer. We have clearly stated that an insurer has a duty to act in good faith and a breach of that duty gives rise to a tort claim. *Corwin Chrysler-Plymouth, supra*.

Looking at the pleadings in the case at hand, we find that Bender's allegation "that Defendant's conduct in refusing coverage was willful, intentional, and malicious," was sufficient to state a cause of action in tort and thus the action is not barred by the three-year limitation of Section 26–03.1–03, subsection 1–k. However, we make no determination as to whether or not a tort was indeed committed by Time.

It appears that the district court granted summary judgment in the mistaken belief that the action was based totally upon contractual rights without considering the existence of a tort action based upon a breach of the insurer's duty to act in good faith. If this was erroneously considered as a ground for summary judgment, we find that Time's motion for a summary judgment was based upon the deposition of Dr. Pfeifle (Bender's physician), wherein he testified on Bender's medical record, and an exhibit consisting of a letter of Dr. Pfeifle, which in themselves raise genuine issues as to material fact making summary judgment improper. *Schoonover v. Morton County*, 267 N.W.2d 819 (N.D.1978).

We therefore remand this case to the district court for consideration of the second cause of action in Bender's first amended complaint, which we hold to be timely under Section 28–01–16, subsection 5, imposing a six-year statute of limitation for tort actions.[5]

Because of our determination as to the first three issues we need not consider whether or not the district court erred in refusing to allow Bender to amend his complaint a second time, or whether or not the proposed second amended complaint stated a cause of action in tort outside the three-year contract limitation of Section 26–03.1–03, subsection 1–k.

The judgment is affirmed in part and reversed in part and the case is remanded to the district court for further proceedings consistent with this opinion.

---

5. Section 28–01–16, N.D.C.C., provides that certain actions must be commenced within six years after the cause of action accrues, including:

"5. An action . . . *for any other injury to the person or rights of another not arising upon contract*, when not otherwise expressly provided." [Emphasis added.]

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.