**Lynn Jackson HANSEN, Plaintiff and Appellant,**

v.

**FIRST AMERICAN BANK & TRUST OF MINOT, Defendant and Appellee.**

**Civ. No. 890080.**

Supreme Court of North Dakota.

March 13, 1990.

William L. Strate (argued), Bismarck, for plaintiff and appellant.

Pringle & Herigstad, P.C., Minot, for defendant and appellee; argued by David J. Hogue.

ERICKSTAD, Chief Justice.

Lynn Jackson Hansen appeals from a district court judgment dismissing her complaint against First American Bank and Trust of Minot [Bank]. We affirm.

On June 9, 1987, Hansen commenced this action against the Bank, alleging that, in its capacity as personal representative of the estate of Leslie E. Jackson, it "breached its fiduciary duty" by "wrongfully or negligently" disbursing $10,000 from the estate to Hansen's ex-husband. Hansen is the granddaughter and an heir of Jackson. The Bank's initial answer to the lawsuit consisted of a general denial of the allegations in the complaint and did not present

any affirmative defenses to Hansen's claim.

On July 14, 1988, the day set for trial of the case, the Bank orally moved to amend its answer to raise various affirmative defenses, including an assertion that Hansen's action was barred under the provisions of § 30.1–21–05, N.D.C.C., because it was not commenced within six months of the filing of the closing statement of the estate.[1] The district court took the motion under advisement and proceeded to try the case without a jury. Two witnesses, who had been previously deposed, testified at the trial, which lasted approximately one-half day.

Following the trial, the district court requested the parties to brief the issue of whether the Bank should be allowed to amend its answer to assert the limitation period contained in § 30.1–21–05. Hansen asserted in her brief that the "affirmative defenses ... have been waived by the Bank's failure to plead them in its initial answer." The trial court granted the Bank's motion to amend its answer to assert § 30.1–21–05 as a bar to the action, reasoning:

"The Court in considering the motion to amend is aware of the mandate that leave to amend should be '... freely given when justice so requires.' (See Rule 15, N.D.R.Civ.P.) The Court is also aware of the judicial concept that cases should be tried on their merits if at all possible. Further, the Plaintiff has had ample opportunity to brief, comment upon, and confront the issues raised by the Amended Answer of the Defendant. Accordingly, I will allow the amendment of the Defendant's Answer as proposed."

After noting that there was no dispute that the action was commenced more than six months after the formal closing of Jackson's estate, the trial court dismissed the action without addressing the merits of Hansen's claim against the Bank.

Hansen does not assert on appeal that the trial court incorrectly ruled that § 30.1–21–05 barred her action against the Bank. Rather, she asserts that § 30.1–21–05 is a statute of limitations, rather than a statute of repose, which is waived unless it is plead as an affirmative defense in the initial answer pursuant to Rule 8(c), N.D.R.Civ.P. We need not determine whether § 30.1–21–05 is a statute of limitations or a statute of repose, because even if it is a statute of limitations as asserted by Hansen, we conclude that the trial court did not abuse its discretion in allowing the Bank to amend its answer under Rule 15(a), N.D.R.Civ.P., to assert the statute as a defense.

Rule 8(c) provides in pertinent part:

"(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense...."

While is it generally true that failure to plead an affirmative defense results in a waiver of the defense [e.g., First Nat'l Bank of Belfield v. Burich, 367 N.W.2d 148, 152 (N.D.1985)], Rule 8(c) must be read in conjunction with Rule 15(a), which provides:

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive

1. Section 30.1–21–05, N.D.C.C., provides:

"30.1–21–05 (3–1005). Limitations on proceedings against personal representative.—Unless previously barred by adjudication and except as provided in the closing statement, the rights of successors and of creditors whose claims have not otherwise been barred against the personal representative for breach of fiduciary duty are barred unless a proceeding to assert the same is commenced within six months after the filing of the closing statement. The rights thus barred do not include rights to recover from a personal representative for fraud, misrepresentation, or inadequate disclosure related to the settlement of the decedent's estate."

The closing statement approving the final account and distribution of Jackson's estate was filed on October 23, 1986, more than six months before this action was commenced.

pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

■ Under Rule 15(a), amendments to the pleadings are to be freely given when justice so requires. *First Trust Co. v. Scheels Hardware*, 429 N.W.2d 5, 11 (N.D. 1988). It is well settled that the decision on a motion to amend a pleading is within the sound discretion of the trial court and will not be overruled on appeal in the absence of an abuse of discretion by the trial court. *Geo–Mobile, Inc. v. Dean Bender Chevrolet*, 386 N.W.2d 918, 919 (N.D.1986), *overruled on other grounds in Peterson v. Zerr*, 443 N.W.2d 293, 296 (N.D.1989). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Fleck v. Fleck*, 337 N.W.2d 786, 789 (N.D.1983).

■ Hansen essentially asserts that, because the purpose of Rule 8(c) is to prevent prejudicial surprise resulting from affirmative defenses raised for the first time at trial [*see First Nat'l Bank of Belfield v. Burich, supra* ], the trial court abused its discretion in allowing the amendment which was sought on the morning of the trial. Hansen also asserts that she was prejudiced because, during the 13 months between the service of the complaint and the trial, both parties took depositions, participated in pre-trial motions, and were required to prepare for trial. All of this, she asserts, resulted in concomitant expenses and inconvenience to the litigants which could have been avoided if the statutory

defense had been raised in the initial answer.

We rejected similar assertions in *Bender v. Time Ins. Co.*, 286 N.W.2d 489 (N.D. 1979). In *Bender* the plaintiff brought an action against the defendant in May 1977. In January 1979, more than 19 months after the complaint was originally filed, the trial court allowed the defendant to amend its answer to assert a three-year statute of limitations defense. The trial court determined that the three-year statute of limitations applied and ordered summary judgment in favor of the defendant dismissing the plaintiff's action. In upholding the trial court's decision to allow the defendant to amend its answer, we said:

"Bender may have spent many hours preparing for trial during those months, but the fact that all this preparation was 'washed out' by the district court's decision to grant Time's motion to amend and its motion for summary judgment does not indicate the court abused its discretion under these circumstances.

"Bender cannot complain that, through surprise caused by the amendment, he was unable to prepare a defense to the raising of the three-year statute of limitation. The district court did not reach a decision on the summary-judgment motion on the day of the hearing, but instead took under advisement the issue of whether the three-year limitation or the six-year limitation was applicable, and did not issue a decision on Time's motion for summary judgment until March 5, 1979. For the reasons stated, we affirm the district court's action in allowing Time to amend its answer."

*Bender v. Time Ins. Co., supra,* 286 N.W.2d at 491.

■ Likewise, in this case the trial court took the Bank's motion to amend the answer under advisement to allow Hansen an opportunity to brief the issue and prepare a defense to the raising of § 30.1–21–05. That opportunity was ample. The trial court did not reach a decision until December 1988, almost five months after the trial of the merits had been held. On several occasions during this period of time, the

trial court invited responsive comments from counsel relating to independent research that had been done on the issues in the case. The trial court's decision on the matter further shows a cautious and deliberate exercise of discretion. Hansen has failed to demonstrate that cognizable prejudice resulted from the trial court's decision to allow the Bank to amend its answer.

We have considered *First Nat'l Bank of Belfield v. Burich, supra; Lincoln Nat'l Life Ins. Co. v. Kelly,* 73 N.D. 622, 17 N.W.2d 906 (1945); and *Satterlund v. Beal,* 12 N.D. 122, 95 N.W. 518 (1903), which Hansen asserts support her argument that a waiver of an affirmative defense has occurred in this case. However, each of those decisions is distinguishable. None of them hold that the trial court abused its discretion in allowing an amendment of an answer.

We conclude that the trial court in this case did not abuse its discretion in allowing the Bank to amend its answer to assert § 30.1–21–05 as a defense to Hansen's action. Accordingly, the judgment is affirmed.

VANDE WALLE and LEVINE, JJ., and DOUGLAS B. HEEN and A.E. BAKKEN, Surrogate Justices, concur.

A.C. BAKKEN and DOUGLAS B. HEEN, Surrogate Judges, sitting in place of GIERKE, J., and MESCHKE, J., disqualified.