2006 ND 145

**In the Matter of the ESTATE OF Clifford S. SORENSON, Deceased.**

**Ruth Sorenson, Petitioner, Appellee and Cross–Appellant**

v.

**Kenneth A. Sorenson, Personal Representative of the Estate of Clifford Sorenson, Respondent, Appellant and Cross–Appellee.**

No. 20050350.

Supreme Court of North Dakota.

June 29, 2006.

Charles R. Isakson (argued), Chapman and Chapman, P.C., Bismarck, N.D., for petitioner, appellee and cross-appellant.

Justin D. Hager (argued) and Richard B. Baer (appeared), Richard B. Baer, P.C., Bismarck, N.D., for respondent, appellant and cross-appellee.

MARING, Justice.

[¶ 1]   Kenneth A. Sorenson, the personal representative of Clifford Sorenson's estate, appeals from an order granting a claim by Ruth Sorenson against the estate, and Ruth Sorenson cross-appeals from an order denying her remaining claims against the estate.   We affirm in part and reverse in part.

I

[¶ 2]   When Clifford Sorenson died in June 2004, he was survived by his spouse, Ruth Sorenson, and three adult children from a previous marriage.   Both Clifford and Ruth Sorenson had been previously married, and before their marriage in June 1976, they signed an "antenuptial agreement" that identified their separate property and provided, if either one died, the survivor would not have a claim to the deceased's separate property.

[¶ 3]   During their marriage, Clifford and Ruth Sorenson lived in his house in Harvey.   In March 1980, Clifford Sorenson executed an unsecured $23,650 promissory note payable to Ruth Sorenson, which she claimed represented a loan to him for his business in Harvey.   She also claimed she provided an additional loan of $20,542 for his business, as evidenced by cancelled checks from her separate checking account.   The promissory note stated it was due in March 1985, and Clifford Sorenson had not made any payments on the note when he died in 2004.

[¶ 4]   Kenneth Sorenson, Clifford Sorenson's son from his previous marriage, was appointed personal representative of his estate under a June 1976 will that generally devised his property to his three children from his previous marriage.   The 1976 will was modified by a 1980 codicil that granted Ruth Sorenson a life estate in Clifford Sorenson's home as long as she did not remarry and conditioned her use of the home upon the payment of property taxes and insurance.

[¶ 5]   Ruth Sorenson filed a claim against Clifford Sorenson's estate for full ownership of lake property in McLean County, which was titled in their name as tenants in common and she claimed they purchased during their marriage with her separate funds; for a 1989 van, a 1985 boat, a 1975 pickup, and a pickup box trailer with a topper and storage bin, which she claimed they purchased during their marriage with her separate funds; and for an undivided half ownership in two vehicles owned by Clifford Sorenson before their marriage and restored during their marriage.   She claimed she contributed the money for the acquisition or restoration of that property.   She also sought reimbursement for amounts she claimed she loaned to Clifford Sorenson for his business in Harvey.

[¶ 6]   The personal representative denied Ruth Sorenson's claim, and she petitioned the district court for allowance of her claim.   She sought full ownership of the lake property in McLean County, the 1989 van, the 1985 boat, the 1975 pickup, and the pickup box trailer with topper and storage bin.   She sought half ownership of

Clifford Sorenson's two vehicles that the couple restored during their marriage. She also sought reimbursement of $44,192 that she claimed she loaned to Clifford Sorenson for his business from 1976 to 1985, and was evidenced by the $23,650 promissory note and $20,542 in cancelled checks from her separate checking account. Ruth Sorenson claimed the "antenuptial agreement" expressed the couple's intent to maintain their property separately and asked the court to follow that intent for dividing property acquired during the marriage based on the contribution of value from each spouse.

[¶ 7] After a hearing, the district court allowed Ruth Sorenson's claim for repayment of the $23,650 promissory note, concluding the note evidenced an implied contract for repayment. However, the court declined to award Ruth Sorenson interest on that note, because she had not taken any action to collect on the note during Clifford Sorenson's life. The court rejected Ruth Sorenson's other claims, concluding she had not established a contract for reimbursement of money purportedly loaned to Clifford Sorenson for his separately-owned business. The court concluded the lake property, the 1989 van, the 1985 boat, and the 1975 pickup were titled in both her name and Clifford Sorenson's name at the time of his death and that designation controlled the disposition of that property. The court thus decided Ruth Sorenson was entitled to one-half of that property and the estate was entitled to the other half. The court also decided Clifford Sorenson separately owned the restored vehicles and the pickup box trailer with topper and storage bin and Ruth Sorenson was not entitled to any interest in that property.

## II

[¶ 8] The personal representative argues Ruth Sorenson's claim on the 1980 promissory note is barred by a six-year statute of limitations in N.D.C.C. §§ 28–01–16 and 41–03–18. Ruth Sorenson responds the estate did not plead the statute of limitations as a defense.

[¶ 9] Generally, the statute of limitations is an affirmative defense that is waived if not pleaded. *In Interest of K.B.*, 490 N.W.2d 715, 717 (N.D.1992); *Hansen v. First Am. Bank & Trust*, 452 N.W.2d 770, 771 (N.D.1990). Ruth Sorenson's initial claim against the estate did not specifically refer to the promissory note but generally sought "reimbursement for any amounts she contributed to [Clifford Sorenson's] business." Her petition to the district court for allowance of her claims cited the promissory note, and the estate's response to her petition did not raise the statute of limitations. During the hearing, however, Ruth Sorenson introduced the promissory note into evidence and the estate raised the statute of limitations as a defense. In her post-hearing brief, Ruth Sorenson conceded the estate raised the statute of limitations during the hearing. The district court cited the estate's reliance on the statute of limitations in its decision, but concluded under "the totality of circumstances" the note was an implied contract to repay Ruth Sorenson. Under these circumstances, we conclude the statute of limitations was impliedly tried by the consent of the parties, and the estate has not waived the statute of limitations as a defense. *See Aho v. Maragos*, 2000 ND 14, ¶¶ 7–8, 605 N.W.2d 161 (holding issue tried by implied consent of parties and pleadings impliedly amended under N.D.R.Civ.P. 15(b) to conform to evidence).

[¶ 10] An action upon a promissory note must be commenced within six years after the claim for relief has accrued. *Pear v. Grand Forks Motel Assocs.*, 553

N.W.2d 774, 781 (N.D.1996). *See* N.D.C.C. §§ 28–01–16(1) and 41–03–18. Here, the promissory note was executed on March 26, 1980, and stated it was due on March 26, 1985.. Ruth Sorenson made her claim on the note against the estate in October 2004, and the time for commencing an action on that note has expired unless the period has been extended.

[¶ 11] The personal representative argues no tolling period is applicable to Ruth Sorenson's claim on the note. Ruth Sorenson argues the court did not err in allowing her claim on the note, because her extension of time for payment constitutes a forbearance and has the legal effect of tolling the statute of limitations indefinitely as long as the marriage continued or she did not seek repayment.

[¶ 12] A binding promise to extend the statute of limitations may toll the statute of limitations. *See* 51 Am.Jur.2d *Limitations of Actions,* § 211 (2000). However, under N.D.C.C. § 28–01–36, no acknowledgment or promise is sufficient evidence of a new or continuing contract to preclude operation of the statute of limitations unless the acknowledgment or promise is contained in some writing signed by the party to be charged. In *Kadrmas, Lee & Jackson, P.C. v. Bolken,* 508 N.W.2d 341, 344 (N.D.1993), this Court held that the plain language of N.D.C.C. § 28–01–36 required a written acknowledgment or promise of a new or continuing contract for purposes of tolling the statute of limitations. We said construing N.D.C.C. § 28–01–36 to allow an oral acknowledgment or promise to toll the statute of limitations would render meaningless the phrase the "writing signed by the party to be charged." *Bolken,* at 344.

[¶ 13] Here, there is no evidence of a promise to extend the time for payment, or to forebear suit under the promissory note, much less a written promise or ac-

knowledgment to extend the statute of limitations. Ruth Sorenson has cited no authority to support her assertion that the statute of limitations was tolled by her forbearance during the couple's marriage, and we have found none. *Cf.* N.D.C.C. §§ 28–01–32 (absence from state tolls statute of limitations) and 28–01–25 (disabilities extend limitations). We reject Ruth Sorenson's claim that the marriage itself is sufficient to extend or toll the statute of limitations. We therefore conclude the district court erred in allowing Ruth Sorenson's claim on the promissory note, and we reverse the court's allowance of that claim.

III

[¶ 14] In her cross appeal, Ruth Sorenson argues the district court erred in denying her remaining claims for the other property, because notwithstanding the record title to that property, she used proceeds from her separate property to purchase that property or to restore Clifford Sorenson's separately owned vehicles. She claims she provided all the money for the acquisition of that property from her own separate property, and she is entitled to reimbursement from the estate to prevent unjust enrichment. She claims allowing her reimbursement is consistent with the couple's intent in the antenuptial agreement to maintain the integrity of separate property owned at the time of the marriage.

[¶ 15] A person who performs services for another without an express agreement for compensation ordinarily is entitled to the reasonable value of the services. *Matter of Estate of Raketti,* 340 N.W.2d 894, 901 (N.D.1983). However, whenever services are rendered by one family member for another, a presumption arises that the services are gratuitous and that compensation was not intended. *Id.*

A claimant has the burden to rebut the presumption by proof that the services were not gratuitous, which may be established by proof that the parties expressly or impliedly agreed the claimant would be compensated. *Id.*

[¶ 16] Generally, a husband and wife have a mutual duty to support each other out of their individual property and labor. *See* N.D.C.C. § 14–07–03. In *Jangula v. Jangula*, 2005 ND 203, ¶¶ 13–16, 706 N.W.2d 85, we recently recognized that a prenuptial agreement does not necessarily control a married couple's acquisition of property with money from a joint bank account where the property was subsequently titled in the parties' names as joint tenants. There, the district court found the down payment for a home came from the proceeds of the husband's separate property, which was controlled by the prenuptial agreement. *Id.* at ¶ 7. On appeal, the husband argued because the money for the down payment came from his separate property, the home was his separate property under the prenuptial agreement and was not part of the marital estate. *Id.* at ¶ 12. We said once separate property was commingled, the property no longer has a separate identity and becomes marital property. *Id.* at ¶ 14. We concluded because the home was purchased with money from a joint bank account and placed in joint tenancy, the home must be included in the division of the parties' marital property upon divorce. *Id.* at ¶ 16.

[¶ 17] Here, although Ruth Sorenson may have purchased the property with her separate funds, she has not overcome the presumption that services provided by one family member to another are gratuitous and that repayment was not intended. That presumption is consistent with the mutual duty of a husband and wife to support each other out of their individual property. We agree with the district court that the manner in which the property is titled governs the distribution of the property. In the absence of an express or implied agreement, we decline Ruth Sorenson's invitation to reimburse her for monetary contributions extended by her to her husband. *See Raketti*, 340 N.W.2d at 901–02. Here, the district court found there was no express or implied agreement for contribution. The court's finding is not clearly erroneous. *See Estate of Lutz*, 2000 ND 226, ¶ 14, 620 N.W.2d 589. Moreover, the lack of an express or implied agreement also precludes recovery of money Ruth Sorenson claimed was a loan to Clifford Sorenson for his separately-owned business.

[¶ 18] The estate claims the 1985 boat was "titled" only in Clifford Sorenson's name and the district court's ruling on that issue should be clarified. In her appellate brief, Ruth Sorenson admits the boat was "titled only in Clifford [Sorenson's] name," and she argues she had a valid claim against the estate for an ownership interest in the boat "titled" only in Clifford Sorenson's name, because she provided the funds for the purchase of the boat. Under N.D.C.C. § 20.1–13–03, the North Dakota Game and Fish Department issues an "owner" of a motorboat a "certificate of number and license" without any reference to title. Here, Ruth Sorenson's argument is not premised on ownership or title of the boat; rather, her argument is premised on her contribution of funds for the purchase of the boat. On this record and these arguments, we reject Ruth Sorenson's claim about providing the money for the purchase of the boat and we reverse the district court's decision on the boat. We conclude the district court did not otherwise err in denying Ruth Sorenson's claims for contribution for the other items of property that were titled in both parties' names, or in Clifford Sorenson's

name. We therefore affirm the district court's order on Ruth Sorenson's claims regarding those items of property.

IV

[¶ 19] We reverse the district court's allowance of Ruth Sorenson's claim for the promissory note and the boat, and we affirm the court's decision as to the other property.

[¶ 20] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.