2007 ND 205

**George HSU, M.D., Plaintiff and Appellant**

v.

**MARIAN MANOR APARTMENTS, INC., Defendant and Appellee.**

No. 20070040.

Supreme Court of North Dakota.

Dec. 20, 2007.

Jeffrey S. Weikum (argued) of Pagel Weikum Law Firm, Bismarck, for plaintiff and appellant.

John C. Kapsner (argued) and Kari R. Reichert of Vogel Law Firm, Bismarck, for defendant and appellee.

MARING, Justice.

[¶ 1] George Hsu appeals the district court's Judgment of Dismissal granting summary judgment in favor of Marian Manor Apartments, Inc. ("Marian Manor"). We affirm the district court Judgment of Dismissal.

I

[¶ 2] The underlying facts are undisputed. Hsu began practicing medicine in

North Dakota in 1987. Marian Manor, a North Dakota corporation, owns and operates a nursing home in Glen Ullin. Hsu leased a portion of the nursing home facility for use as a medical clinic. The parties entered into a five-year lease commencing February 1, 1991, and terminating on January 31, 1996. Section 27 of the lease provided Hsu an option to renew for three additional five-year terms.

[¶ 3] The lease identified "George S. Hsu, M.D." as the lessee. The lease recitals provided, "Lessee desires to lease a portion of the premises for the purpose of conducting a business of a medical clinic." Subsection 8(G) stated, "The Lessee shall obtain and maintain all necessary licenses, certifications, and accreditations as may be necessary to operate." Subsection 12(4) of the lease provided that any noncompliance of Hsu with a condition of the contract not reasonably curable upon thirty days' notice constituted a default or breach of the lease. In the event of a default, Subsection 13(1) gave Marian Manor the right to cancel and terminate the lease by providing Hsu at least thirty days' notice of cancellation and termination.

[¶ 4] Hsu exercised his option to renew twice, extending the lease through January 31, 2005. In addition to operating the clinic at Marian Manor, Hsu operated a clinic in Elgin. Hsu operated both clinics as sole proprietorships. Hsu reported the clinic revenues on his personal tax return.

[¶ 5] The State Board of Medical Examiners temporarily suspended Hsu's license to practice medicine in March 2004. After his license was suspended, Hsu continued to manage the clinic at Marian Manor. He hired a physician to provide medical services and serve as medical director. He also employed a nurse practitioner and chiropractor to provide services to clinic patients. Hsu billed patients for services rendered by the clinic employees.

Hsu paid himself an administrator's salary. As owner of the clinic, Hsu kept any revenue generated in excess of the wages paid to the clinic employees. On November 19, 2004, Hsu's license to practice medicine was revoked. On December 15, 2004, Marian Manor advised Hsu that his lease would not be renewed, and that a new tenant would replace him once the lease expired on January 31, 2005.

[¶ 6] Hsu brought a claim against Marian Manor in August 2005, alleging Marian Manor breached the lease by wrongfully refusing to renew it. Marian Manor moved for summary judgment. The district court granted Marian Manor's motion in December 2006, concluding the lease unambiguously required Hsu to maintain a valid medical license and prohibited Hsu from conducting unlawful activity on the premises. The court also concluded that Hsu's continued operation of the clinic after revocation of his medical license violated the requirements of the lease and constituted a default that entitled Marian Manor to refuse to renew the lease. Hsu appeals.

II

[¶ 7] Summary judgment is governed by Rule 56, N.D.R.Civ.P. "Summary judgment is a procedural device for promptly disposing of a lawsuit without a trial if there are no genuine issues of material fact or inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." *Zuger v. State*, 2004 ND 16, ¶ 7, 673 N.W.2d 615. Whether a grant of summary judgment was proper is a question of law reviewed de novo by this Court. *Id.* On appeal, the party opposing the motion for summary judgment is given the benefit of all favorable inferences that can reasonably be drawn from the evi-

dence. *Kondrad v. Bismarck Park Dist.*, 2003 ND 4, ¶ 4, 655 N.W.2d 411.

■■ [¶ 8] Whether a contract is ambiguous is a question of law. *Kaler v. Kraemer*, 1999 ND 237, ¶ 14, 603 N.W.2d 698. "When a contract is ambiguous, the terms of the contract and the parties' intent become questions of fact." *Id.* Unambiguous contracts are particularly amenable to summary judgment. *Kondrad*, 2003 ND 4, ¶ 6, 655 N.W.2d 411.

[¶ 9] Contracts are construed to give effect to the parties' mutual intention at the time of contracting. N.D.C.C. § 9–07–03. Parties' intentions are to be ascertained from a written contract alone if possible. N.D.C.C. § 9–07–04. A contract is interpreted as a whole so as to give effect to every part: "Each clause is to help interpret the others." N.D.C.C. § 9–07–06. Words in a contract are to be interpreted in their ordinary sense. N.D.C.C. § 9–07–09. "A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates." N.D.C.C. § 9–07–12.

### III

■■ [¶ 10] Hsu argues the district court improperly granted Marian Manor's motion for summary judgment because the lease does not unambiguously require him to personally maintain a valid medical license. Hsu contends that the requirement under Subsection 8(G) of the lease that he "obtain and maintain all necessary licenses, certifications, and accreditations as may be necessary to operate" speaks only to the operation of the medical clinic. Hsu asserts a plain reading of Subsection 8(G) does not require him to personally maintain a medical license. Hsu maintains the lease only requires him to ensure that clinic personnel who provide medical services are properly licensed and certified to

do their jobs. Hsu reasons that Subsection 8(G) must have contemplated his employment of personnel and is aimed at ensuring the personnel who actually treat clinic patients are properly licensed.

[¶ 11] Marian Manor argues the district court's grant of its motion for summary judgment was appropriate because the lease unambiguously requires Hsu to maintain a medical license. Although the term "necessary licenses" is not defined by the lease, Marian Manor asserts that the term can only mean a valid license to practice medicine issued to Hsu by the State Board of Medical Examiners. The lease specifically refers to Hsu as "George S. Hsu, M.D." The recitals in the lease indicate that Hsu desired to conduct a medical clinic on the premises. The lease refers to Hsu personally, not to his employees. The lease provides, "Lessee shall obtain and maintain all necessary licenses." Thus, Marian Manor contends the circumstances under which the lease was made evidence that Hsu's medical license is a "necessary license" Hsu was required to maintain under the terms of the lease.

[¶ 12] In its Memorandum Opinion and Order granting Marian Manor's motion for summary judgment, the district court concluded that the language of the lease clearly and unambiguously required Hsu to maintain his license to practice medicine and that the revocation of Hsu's license constituted a breach entitling Marian Manor to refuse to renew the lease for another five-year term. We agree.

### IV

[¶ 13] We hold as a matter of law that the lease between Hsu and Marian Manor unambiguously requires Hsu to maintain his license to practice medicine. As evidenced by the purpose and plain language of the lease, Hsu and Marian Manor mutually intended at the time of contracting

that revocation of Hsu's license to practice medicine would constitute a breach of the lease enabling Marian Manor to refuse renewal of the lease for an additional five-year term.

[¶ 14] Under the plain language of the lease, Hsu was required to maintain his license to practice medicine. The named lessee is "George S. Hsu, M.D." The use of the suffix "M.D." indicates that the person is engaged in the practice of medicine. *See* N.D.C.C. § 43–17–01(3)(d). Section 8(G) of the lease provides: "The *Lessee* shall obtain and maintain all necessary licenses, certifications, and accreditations as may be necessary to operate" (emphasis added). Hsu's personal medical license is a "necessary license" Hsu was required by the lease to obtain and maintain.

[¶ 15] Viewing the contract in its entirety and under the circumstances in which it was entered into confirms that the parties intended Hsu be required to maintain his license to practice medicine. A small town nursing home facility sought a medical doctor to establish a practice in a portion of its building to provide medical care to the facility's residents and others in the community. The purpose of the contract was to enable Hsu, the lessee, to provide medical services on the premises of the Marian Manor nursing home facility. The circumstances support that the parties intended Hsu would remain a licensed medical doctor through the duration of the lease. In oral argument, Hsu's attorney acknowledged that neither party contemplated the possibility Hsu would lose his license to practice medicine. Hsu's personal license to practice medicine comes under the umbrella of the "necessary licenses, certifications, and accreditations" he was required to maintain under the terms of the lease.

[¶ 16] Revocation of his license constituted a breach of the requirements of the lease. Thus, Marian Manor was entitled under the terms of the lease to refuse to renew the lease for an additional five-year term.

V

[¶ 17] Hsu argues that his operation of the clinic was lawful and did not constitute a breach of lease provisions prohibiting Hsu from engaging in unlawful activity and requiring him to operate the clinic in accordance with all government requirements. Hsu contends that his employment of a physician did not constitute the unlawful practice of medicine. Marian Manor asserts that the legislative adoption of N.D.C.C. § 43–17–42, which expressly allows hospitals to employ physicians without being deemed to have engaged in the unauthorized practice of medicine, signals, by negative implication, legislative adoption of the corporate practice of medicine doctrine. "The corporate practice of medicine doctrine prohibits corporations from providing professional medical services." *Berlin v. Sarah Bush Lincoln Health Center*, 179 Ill.2d 1, 227 Ill.Dec. 769, 688 N.E.2d 106, 110 (1997). Thus, Marian Manor maintains that Hsu's employment of a physician constitutes the unlawful practice of medicine and a breach of the lease. Because we hold that the terms of the lease unambiguously required Hsu to maintain his personal license to practice medicine, we do not reach this issue.

VI

[¶ 18] We, therefore, conclude that Hsu's license to practice medicine was a "necessary license" Hsu was required to maintain under the terms of the lease. Revocation of his license constituted a breach of the lease enabling Marian Manor to refuse to renew the lease for an addi-

tional five-year term. We affirm the district court's Judgment of Dismissal granting summary judgment in favor of Marian Manor.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ, and DONOVAN J. FOUGHTY, D.J. concur.

[¶ 20] The Honorable DONOVAN J. FOUGHTY, D.J., sitting in place of KAPSNER, J., disqualified.