2008 ND 159

**Darrel GUSTAFSON, Plaintiff and Appellee**

v.

**Raymond A. POITRA; Linus F. Poitra; United States of America; and all persons unknown, claiming any estate or interest in, or lien or encumbrance upon, the real estate described in the Complaint, Defendants**

**Raymond A. Poitra, Defendant and Appellant.**

No. 20070301.

Supreme Court of North Dakota.

Aug. 28, 2008.

Rehearing Denied Oct. 24, 2008.

Matthew H. Olson (argued), Reed A. Soderstrom (on brief), Scott M. Knudsvig (on brief), Pringle & Herigstad, P.C., Minot, N.D., for plaintiff and appellee.

Raymond A. Poitra (*pro se*), Belcourt, N.D.

KAPSNER, Justice.

[¶ 1] Raymond Poitra appeals from a judgment entered in this mortgage foreclosure action in favor of· Darrel Gustafson and from the district court's subsequent order denying Poitra's post-judgment motion. We conclude Poitra waived his statute of limitations defense, Poitra failed to raise a material fact that his prior bankruptcy proceedings released the mortgage on Poitra's real property, and Poitra received due process when the district court granted Gustafson summary judgment. We also conclude the court did not abuse its discretion in denying Poitra's post-judgment motion. We affirm.·

I

[¶ 2] In December 1993, the United States Small Business Association ("SBA") took a mortgage on Poitra's real property, which it later assigned to Gustafson in May 2005. In 2006, Gustafson commenced this foreclosure action in the district court. In January 2007, Poitra filed a special appearance and answer to challenge the jurisdiction of the court, asserting the court lacked subject matter and personal jurisdiction. ·In an April 2007 memorandum opinion and order, the district court denied Poitra's motion to dismiss, concluding his prior discharge in bankruptcy did not preclude commencement or completion of the action to foreclose the real estate mortgage. The court also concluded it had jurisdiction and ordered the case scheduled for trial.

[¶ 3] In July 2007, Gustafson· moved for summary judgment against Poitra. In August 2007, the district court granted Gustafson's motion for summary judgment against Poitra. In granting summary judgment, the court noted that Poitra had filed a "certificate of service" which indicated a motion for continuance·was served upon plaintiff's counsel, but that no motion or supporting documents had been filed with the court and there was no compelling reason for delay. The court held that Poitra failed to respond to Gustafson's summary judgment motion, the time to respond had expired, and summary judgment was appropriate. In September 2007, final judgment was entered on the foreclosure action. In October 2007, Poitra filed a notice of appeal from the "default judgment" entered in the action.

[¶ 4] In March 2008, while this appeal was pending, Poitra filed a "Motion to Have This Matter Remanded to the State District Court for New Trial to Allow Newly Discovered Evidence." This Court

temporarily remanded the case for 30 days for the district court to consider Poitra's motion. After both Gustafson and Poitra had briefed the issue in the district court, the court denied Poitra's motion. Poitra then appealed from the order denying his post-judgment motion, indicating his initial appeal and second appeal should be consolidated.

## II

[¶ 5] Summary judgment is governed by N.D.R.Civ.P. 56. Summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. *Red River Wings, Inc. v. Hoot, Inc.*, 2008 ND 117, ¶ 16, 751 N.W.2d 206. Whether a grant of summary judgment was proper is a question of law reviewed de novo by this Court. *Hsu v. Marian Manor Apartments, Inc.*, 2007 ND 205, ¶ 7, 743 N.W.2d 672.

## III

[¶ 6] Poitra argues Gustafson's foreclosure action is barred by the statute of limitations, which has not been tolled. Poitra contends he made his last payment to the SBA in February 1995 and the ten-year statute of limitations under N.D.C.C. § 28–01–15 was not tolled. Gustafson argues Poitra failed to plead the statute of limitations as an affirmative defense, and therefore it was waived.

[¶ 7] "Generally, the statute of limitations is an affirmative defense that is waived if not pleaded." *Estate of Sorenson*, 2006 ND 145, ¶ 9, 717 N.W.2d 535; *see* N.D.R.Civ.P. 8(c). *See also Shirley v. State*, 103 N.W.2d 103, 108 (N.D.1960) (holding, although mortgagee foreclosed after expiration of ten-year statute of limi-

tations, mortgagors waived the limitations defense where the mortgagors took no action under the statute to restrain or enjoin foreclosure proceedings and no answer raising the defense was made).

[¶ 8] In this case, Poitra did not raise the statute of limitations as an affirmative defense in his answer. Poitra did not raise this defense in response to Gustafson's motion for summary judgment, to which Poitra completely failed to respond. Poitra's first assertion of this affirmative defense was in his initial notice of appeal to this Court. In denying Poitra's subsequent post-judgment motion, the district court concluded that Poitra had waived his statute of limitations defense to this action.

[¶ 9] Based upon our review of the record, we conclude Poitra failed to timely plead the statute of limitations as an affirmative defense and thus waived the defense.

## IV

[¶ 10] Poitra contends that Gustafson cannot file an action, nor can the district court hear an action, "when the overlying debt has been discharged" in a prior bankruptcy proceeding.

[¶ 11] Gustafson responds that in Poitra's prior bankruptcy proceedings, the trustee did not avoid the mortgage at issue and the proceedings only discharged Poitra's personal liability for the debt. *See First State Bank v. Zoss*, 312 N.W.2d 127, 127–28 (S.D.1981) (holding a discharge in bankruptcy does not affect the lien of a mortgage and is no bar to a subsequent foreclosure, but only relieves the bankrupt from personal liability); *see also U.S. Bank, NA v. Hasty*, 232 S.W.3d 536, 542 n. 10 (Ky.Ct.App.2007) (noting a discharge extinguishes only the debtor's personal liability, but a creditor's right to foreclose on a mortgage survives or passes through the

bankruptcy); *Conklin v. Iowa Dist. Court for Scott County*, 482 N.W.2d 444, 447 (Iowa 1992) (stating a bankruptcy discharge does not protect the debtor from in rem liability nor prevent enforcement of an unavoided, valid prepetition lien on either the debtor's exempt or nonexempt property).

[¶ 12] In *In re Pecora*, 297 B.R. 1, 3 (Bkrtcy.W.D.N.Y.2003), the bankruptcy court addressed Supreme Court opinions on this issue, explaining:

We know from the decisions of the United States Supreme Court that: (1) liens that are not otherwise avoided for the benefit of the estate or a debtor under Sections 522, 544, 545, 547, 548, 549 or 724(a), pass through bankruptcy unaffected; and (2) a Chapter 7 discharge only extinguishes the personal liability of the mortgagor on the mortgage debt, it does not constitute payment or satisfaction of that debt, so that the mortgagee retains the right to payment in the form of its right to the proceeds from the sale of the mortgaged property. *See Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

[¶ 13] Here, in denying Poitra's motion to dismiss, the district court noted that this action was solely for foreclosing a real estate mortgage and no money judgment was sought against the defendants. The court held the bankruptcy proceedings did not preclude the commencement or completion of the action. Although it appears from the record that Poitra did file for business and personal bankruptcy, there is nothing in this record showing that the mortgage at issue in this case has been avoided in the bankruptcy proceeding for the benefit of the estate. Nor is there evidentiary support that the bankruptcy court purported to adjudicate the mortgage was invalid, ineffective, or extinguished. We conclude the district court did not err in denying Poitra's motion to dismiss on this issue.

## V

[¶ 14] Poitra argues the district court failed to provide him due process by not providing Poitra a notice of a hearing date prior to issuing the "default judgment," because Poitra made a special appearance with a motion for dismissal and submitted evidence that the district court lacked jurisdiction. Poitra, however, mistakenly asserts that the district court entered a "default judgment" against him.

[¶ 15] In *State v. Ehli*, 2003 ND 133, ¶ 10, 667 N.W.2d 635, this Court discussed the fundamental requirements of due process:

A person is denied due process when defects in the procedure employed might lead to a denial of justice. *See Stutsman County v. Westereng*, 2001 ND 114, ¶ 8, 628 N.W.2d 305; *Hoffman v. North Dakota Workers Comp. Bureau*, 1999 ND 66, ¶ 12, 592 N.W.2d 533. The fundamental requirements of due process are notice and a fair opportunity to be heard. *Rowley v. Cleaver*, 1999 ND 158, ¶ 18, 598 N.W.2d 125; *Hoffman*, at ¶ 12; *Schmalle v. Schmalle*, 1998 ND 201, ¶ 9, 586 N.W.2d 677. Due process requires that parties be afforded a meaningful opportunity to present objections. *See Peplinski v. County of Richland*, 2000 ND 156, ¶ 28, 615 N.W.2d 546; *Fenske v. Fenske*, 542 N.W.2d 98, 100 (N.D. 1996).

[¶ 16] Here, the district court had previously denied Poitra's motion to dismiss and determined the case should be scheduled for trial. Gustafson served and filed his notice of motion and motion for summary judgment against Poitra, with sup-

porting affidavits and exhibits, indicating it was submitted under N.D.R.Ct. 3.2 and N.D.R.Civ.P. 56. The court did not grant a "default judgment" against Poitra, but instead granted Gustafson's motion for summary judgment after Poitra failed to respond to the motion. *See* N.D.R.Ct. 3.2(c) ("Failure to file a brief by the adverse party may be deemed an admission that, in the opinion of party or counsel, the motion is meritorious. Even if an answer brief is not filed, the moving party must still demonstrate to the court that it is entitled to the relief requested."); N.D.R.Civ.P. 56(e) ("If a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, must be entered against the adverse party.").

[¶ 17] Furthermore, Gustafson did not request a hearing on his summary judgment motion, instead submitting the motion to the court on briefs. Poitra does not assert that he requested a hearing on Gustafson's summary judgment motion. *See* N.D.R.Ct. 3.2(a)(3) (providing for requesting oral argument). Although Poitra filed a "certificate of service" indicating a motion for continuance had been served upon Gustafson, no motion for continuance or supporting papers were filed with the district court. Additionally, Poitra did not seek a continuance under the requirements of N.D.R.Civ.P. 56(f).

[¶ 18] Based upon our review of the record, we conclude Poitra received notice of Gustafson's summary judgment motion and failed to respond. Poitra's assertion that he did not receive due process is meritless.

## VI

[¶ 19] In his appeal from the district court's denial of his motion for new trial, Poitra argues the court erred because it was required to grant a new trial based upon this Court's remand. On the contrary, this Court did not order the district court to grant a "new" trial; instead, we temporarily remanded to the district court for consideration of his motion.

[¶ 20] Under N.D.R.Civ.P. 59(b)(4), the district court may vacate a decision and grant a new trial if there is newly discovered material evidence that the party could not have discovered and produced at the trial with reasonable diligence. For a new trial to be granted on the ground of newly discovered evidence, the movant must establish:

1) the evidence was discovered following trial; 2) the movant exercised due diligence in discovering the evidence; 3) the evidence was not merely cumulative or impeaching; 4) the evidence was material and admissible; and 5) the evidence probably would have produced a different result.

*Baukol Builders, Inc. v. County of Grand Forks*, 2008 ND 116, ¶ 32, 751 N.W.2d 191. The district court's decision on a new trial motion on the ground of newly discovered evidence is addressed to its sound discretion and will not be reversed on appeal absent an abuse of that discretion. *Id.* "A district court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it misinterprets or misapplies the law." *Bertsch v. Bertsch*, 2007 ND 168, ¶ 10, 740 N.W.2d 388.

[¶ 21] Gustafson argues that the district court's denial of Poitra's new trial motion was correct because there was no trial, rather the case was disposed by sum-

mary judgment. Under N.D.R.Civ.P. 59(a), "new trial" is defined as "a reexamination of an issue of fact in the same court, after a trial and decision by a jury or court or by a referee." Gustafson further argues that Poitra seeks to introduce evidence which could have been discovered and produced with reasonable diligence to the district court.

[¶ 22] There was no trial in this case, and as such, N.D.R.Civ.P. 59 is not applicable. Even if we were to treat Poitra's new trial motion as a motion for relief from the judgment under N.D.R.Civ.P. 60, we would still conclude that the district court did not abuse its discretion in denying Poitra's motion.

[¶ 23] Poitra's motion stated that he had received newly discovered evidence from the SBA, which would support his statute of limitations defense. In denying his motion on remand from this Court, the district court concluded that contrary to Poitra's claim, "the purported new evidence was not 'argued' at the trial level. More importantly, [Poitra] did not plead a statute of limitations affirmative defense." The court concluded that the purported new evidence regarding the statute of limitations was not relevant since the statute of limitations was not an issue in the case.

[¶ 24] In essence, the district court held that the purported newly discovered evidence would not have changed the outcome of the judgment. *See Estate of Wieland*, 1998 ND 130, ¶ 19, 581 N.W.2d 140 (holding court properly denied motion under N.D.R.Civ.P. 60(b)(ii) where the allegedly newly acquired evidence, even if accepted as such, would not have changed the outcome of the judgment sought to be overturned).

[¶ 25] Based upon our review of the record, we conclude the district court did not abuse its discretion in denying Poitra's post-judgment motion.

### VII

[¶ 26] We have considered Poitra's remaining arguments and we conclude they are without merit.[1] Gustafson's request for sanctions on appeal is denied. The district court judgment and the order denying Poitra's post-judgment motion are affirmed.

[¶ 27] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.

---

1. Although Poitra raised jurisdictional issues in the district court, they were not raised on appeal to this Court.