P. S. CHAFFEE, in Behalf of Himself and All Others Similarly Situated, Appellant, v. MATT CROWLEY, Herman Fahlsing, Joseph Erickson, Chas. Murray, and Fred J. Link, as the Board of County Commissioners of Mercer County, North Dakota, Paul Leupp as County Auditor of said Mercer County, Herbert Roberts as County Treasurer of said Mercer County and Norbert J. Joyce, Respondents.

(190 N. W. 308.)

Counties — county commissioner accepting lowest responsible bid for repair to county building may consider responsibility of bidder, "lowest responsible bidder."

1. The board of county commissioners in accepting the lowest responsible bid exercise a discretion which may consider the ability, capacity, experience, efficiency, and reputation of the bidders.

Counties — contract held properly let to lowest responsible bidder as required by law; sufficient funds held available for payment at time of letting contract.

2. In an action to enjoin repairs to a courthouse, pursuant to the award of a contract, it is held, for reasons stated in the opinion, that the contract was properly let and that there are sufficient moneys available for its purposes.

Opinion filed October 7, 1922.

Counties, 15 C. J. § 235 p. 542 n. 7; § 247 p. 551 n. 32.

Injunction proceeding in District Court, Mercer County, *Nuessle,* J., to restrain repairs to a courthouse.

Plaintiff has appealed from a judgment of dismissal.

Affirmed.

*Sullivan, Hanley & Sullivan,* for appellant.

An arbitrary determination by such board to accept the highest bid without any facts justifying it cannot have the effect of a judicial

Note.—The general rule as deduced from the cases is that, in awarding contract for public works, public authorities are vested with discretion in determining who is the lowest and best bidder, and their decision will not be interfered with by the courts, even if erroneous, provided it is based on a sound and reasonable discretion, as will be seen by an examination of the authorities collated in a note in 38 L.R.A.(N.S.) 655.

On letting of public contract to lowest responsible bidder, see note in 50 Am. St. Rep. 489.

See also 7 R. C. L. 943; 3 R. C. L. Supp. 479; 5 R. C. L. Supp. 431.

determination and must be designated as a palpable violation of the law. People v. Gleason, 121 N. Y. 631; Times Publishing Co. v. Everrett, 9 Wash. 518; Faist v. Hoboken, 72 N. D. L. 361; People v. Buffalo, 84 N. Y. Supp. 434.

If it is asserted that the lowest bidder is not responsible, it has been held that he is entitled to be heard on that question, and there must be a distinct finding against him upon proper facts to justify it. McGovern v. Trenton, supra; Faist v. Hoboken, supra; State v. Commissioners, 39 Ohio St. 188.

In the case of Ross v. Board of Education, 42 Ohio St. 374 (see page 378), it was argued that the board had discretion because it reserved the right to reject any and all bids where it did not accept the lowest responsible bid.

"The discretion given by the clause is to reject all the bids. This is the only discretion. If it is determined to accept a bid there is no discretion as to which bid must be accepted. If the lowest responsible bid is rejected, and any other be accepted, the action of the board may be controlled by mandamus without violating the rule that a matter of discretion is not subject to control by proceedings in mandamus."

If the lowest bid is not accepted, there must be a readvertisement. 27 N. W. 122 (Neb.); Mueller v. Eau Clair Co. 84 N. W. 430 (Wis.).

There must be an adjudication that Niedermeyer and Schmidt were not responsible. Inge v. Board of Public Works, 135 Ala. 187, 33 So. 678, 93 Am. St. Rep. 21.

The question of the responsibility of the bidder is not left to the general judgment and discretion of the board where a bond or certified check accompanies the bid. State v. Cornell, 71 N. W. 961 (Neb.) see page 965, 2nd col.

The lowest responsible bidder is one who complied with all the requirements of the statute. Boseker v. Wabash Co. 88 Ind. 267; Jefferson v. Anghi, 54 Miss. 668.

*David Schwartz* and *Norton & Kelsch,* for respondents.

### Statement.

BRONSON, J. This is a proceeding to enjoin the execution of a

contract for repairs to a courthouse. The material facts are: The county commissioners of Mercer county, deeming it necessary to make alterations and repairs to the courthouse, advertised for bids therefor. On July 5th, 1922, they considered the bids submitted. There were four bids: Schafer, $6,389, Joyce, $6,013, Niedermeyer, $5,768, Schmidt, $5,760. The board accepted the bid of Joyce and immediately made a contract with him. The plaintiff, as a citizen and taxpayer, instituted this proceeding. A temporary restraining order was secured.

When the contract was let there was a balance of $3,280 in the building fund, and $3,200 in the emergency fund. Three of the commissioners voted for the awarding of the contract to Joyce; two commissioners voted in the negative, for the reason that they were opposed to any building or construction at that time. It does not appear from the evidence that any protest was made against awarding the contract to Joyce, or that any objection or demand for a rehearing was made by those whose bids were not accepted. It further appears that the principal reasons for awarding the contract to Joyce were: The commissioners were acquainted with Joyce. He had previously done some public work in the county. They knew him to be a responsible and good contractor. They did not know anything about Niedermeyer or Schmidt concerning their responsibility or ability. They accepted the bid of Joyce because it seemed the most desirable under the circumstances. It otherwise appears that Joyce had previously made a bid for the same work upon a call which was not consummated through injunctional proceedings. He made the same bid again. Niedermeyer and Schmidt had not previously bid. Further, it appears that Niedermeyer had never had a contract of this size; that when he made this bid he had some talk with the plaintiff whereby he received assurance of some protection on his bid if plaintiff should institute action to stop this proceeding. Further, it appears that the commissioners, or some of them, knew about some other work that Schmidt had done and it did not appear to be satisfactory.

The trial court found that the board, within its judgment, properly awarded the contract to Joyce as the lowest responsible bidder and that there were funds available for the purposes of paying such contract. Judgment was rendered dismissing the action. The plain-

tiff procured a stay of proceeding and appealed from the judgment.

It is the contention of the plaintiff that the board, pursuant to the law, did not award the contract to the lowest bidder and that there were not sufficient funds available for purposes of its payment.

## Decision.

Concerning such contracts, the law provides that the lowest responsible bid must, in all cases, be accepted. Chap. 49, Laws of 1921. It is well recognized that a responsible bid involves the elements of the ability, capacity, reputation, experience, and efficiency of the bidders. Responsibility must be determined as well as the pecuniary amount. 36 Cyc. 876; Butler v. Darst, 38 L.R.A.(N.S.) 655, note. The county commissioners have a discretion to exercise in this regard. 15 C. J. 551; 7 R. C. L. 943; 1 Abbott, Mun. Corp. § 268. There is no showing that they did not exercise their best judgment within the discretion they possessed in selecting the lowest responsible bidder; nor that they acted in bad faith or other than for the best interests of the county. In their judgment the small difference in dollars between the bids offered might be far out-weighed by the ability, efficiency, and facilities of the contractor to whom the award was made. It is now shown in the record that either Niedermeyer or Schmidt possessed a responsibility in this sense equal to that of Joyce. Clearly, there are funds available. See Boetcher v. McDowell, 43 N. D. 178, 174 N. W. 759. The transfer from the emergency fund was not made by reason of the injunctional proceedings. We are of the opinion that the findings of the trial court should be sustained. The judgment is affirmed with costs.

BIRDZELL, Ch. J., and CHRISTIANSON and ROBINSON, JJ., concur.

GRACE, J. (specially concurring). Under the facts in this case, it appears to me that the county commissioners in accepting the lowest responsible bid, acted in good faith and exercised their discretion.

I, therefore, concur in the conclusions reached by the principal opinion on the grounds stated in paragraph 1, of the syllabus, which are decisive of the case.