Dale FRIEH, Plaintiff and Appellant,

v.

CITY OF EDGELEY, a municipal corporation, Defendant and Appellee.

Civ. No. 10112.

Supreme Court of North Dakota.

March 29, 1982.

Hjellum, Weiss, Nerison, Jukkala & Wright, Jamestown, for plaintiff and appellant; argued by Charles M. Carvell, Jamestown.

Fabian E. Noack, Carrington, for defendant and appellee.

SAND, Justice.

Dale Frieh, plaintiff, appellant, appealed from a district court judgment dismissing his action against the City of Edgeley.

Frieh and Tony Weigel, individually and separately, operated a private garbage and refuse removal business in the city of Edgeley for a number of years. Each bought and maintained his own equipment, secured his own customers, set the rate for collection and removal, did his own billing, maintained a schedule for removal as agreed upon with his customer, but paid no license fee or other cost to the city for operating the business. Each used the same garbage dump or landfill, which was operated by the city. This operation continued until 1979.

The North Dakota Health Department, in 1977, inspected the sanitary landfill operated by the city of Edgeley and informed the city of the results (of which some were not favorable) and invited the city to participate in a study with the understanding that if the city participated they would permit the city to operate the dump until 1 July 1978. The city did agree to participate and was given a permit to operate the landfill.

In the meantime, the city made an effort to resolve some of the complaints by appointing a committee which attempted to make arrangements with Frieh and Wiegel regarding the garbage disposition and dump management. But such efforts failed. The city then advertised for bids for the collection of garbage within the city, proper disposition of the garbage, and for maintenance of the sanitary landfill city dump. The city received and considered three separate bids, which were submitted individually by Frieh, Weigel and George Berry. These bids were rejected because the city believed they did not materially comply with the bid specifications. The city again advertised for bids. Frieh and Weigel submitted bids again. Weigel was the low bidder and the city agreed to and awarded the garbage and rubbish contract for a three-year period to Mr. Tony Weigel.

Frieh brought an action against the city alleging that the city acted improperly by placing the garbage collection disposition, etc., out on bids without the benefit of an existing ordinance or without first adopting a resolution or city ordinance giving the city the power to do so, and that this constituted a violation of § 40–05–01(1) of the North Dakota Century Code. Frieh also alleged that Wiegel did not meet the equipment requirements and as a result of the city's action he was deprived of the garbage business and had to sell his property[1] and asked for a judgment against the city in the amount of $100,000, together with interest. Frieh took the position that if the city did not have an ordinance on the topic it was required to first enact one or adopt a resolution before it advertised for bids on the

subject matter. He contended that North Dakota Century Code § 40–05–01(1) required this procedure.

After a bench trial, the court issued its memorandum decision, findings of fact, conclusions of law and order for judgment, after which a judgment was entered dismissing the complaint. Frieh appealed the judgment of dismissal to this court.

The district court made the following finding of fact which was not challenged by Frieh as being clearly erroneous nor is it under Rule 52(a), North Dakota Rules of Civil Procedure:

"The defendant fully participated in the entire, ongoing bidding process conducted by the City as aforesaid and never made any claim of any irregularity or lack of authority on the part of the city, and, in fact, registered no complaint until after the city awarded the contract to the low bidder, Mr. Tony Wiegel."

Our Court has repeatedly held that a party seeking to enjoy the benefits under a law cannot thereafter, in the same proceedings, question the constitutionality of the act. *Newman Signs, Inc. v. Hjelle*, 268 N.W.2d 741 (N.D.1979), *appeal dismissed* 440 U.S. 901, 99 S.Ct. 1205, 59 L.Ed.2d 449. *Benson v. North Dakota Workmen's Compensation Bureau*, 250 N.W.2d 249 (N.D.1977); *City of Fargo v. Annexation Review Commission of Cass County*, 123 N.W.2d 281 (N.D.1963); *International Printing Pressmen and Assistants Union of North America v. Meier*, 115 N.W.2d 18 (N.D.1962); *Ethen v. North Dakota Workmen's Compensation Bureau*, 62 N.D. 394, 244 N.W. 32 (1932); *Cofman v. Ousterhous*, 40 N.D. 390, 168 N.W. 826, 18 A.L.R. 219 (1918). Also, *Hulne v. International Harvester Co.*, 496 F.Supp. 849 (D.C. N.D.1980). We are not aware of any valid reason why the same rationale and concept should not apply to an action challenging the validity of the city's action as distinguished from an action challenging the legality of the law under which the city acted.

---

1. Frieh has since sold his home in Edgeley and has relocated in Bowman, North Dakota.

Frieh's voluntary participation in the city's bidding process, not only once but twice, without raising any objection as to the city's authority or proper procedure amounts to consent and he cannot now be heard to complain or object because he did not receive the bid and contract. NDCC § 31–11–05(6) provides as follows:

"The maxims of jurisprudence set forth in this section are not intended to qualify any of the provisions of the laws of this state, but to aid in their just application:

"6. He who consents to an act is not wronged by it."

NDCC § 31–11–05(7) provides:

"7. Acquiesence in error takes away the right of objecting to it."

All of the foregoing doctrines are akin to the clean hands doctrine and as a result may be applied by the court sua sponte. *Myers v. Smith,* 208 N.W.2d 919 (Iowa 1973); 27 Am.Jur.2d *Equity* § 136, p. 668; 30 C.J.S. *Equity* § 97, p. 1032.

We apply the foregoing doctrines and principles to this case.

The court also made the following finding of fact which was not challenged as being clearly erroneous, nor is it under Rule 52(a), NDRCivP.:

"15.

"The plaintiff was not deprived of his property and livelihood or forced to relocate his family or sell his house and seek employment elsewhere as the result of any unlawful act of the defendant, nor was there any evidence produced to show any death, personal injury or property damage to the tangible personal property of the plaintiff as a result of any unlawful act of the defendant."

Unless the findings of fact are set aside, Frieh has no factual basis for his claim of damages. These findings are not challenged and are deemed valid. Frieh has not asked for an injunction or other similar relief.

In view of the foregoing, the district court's dismissal of the complaint is affirmed, and as a result we need not and do not express any views on the contentions of Frieh.

ERICKSTAD, C. J., VANDE WALLE and PEDERSON, JJ., and HODNY, District Judge, concur.

HODNY, District Judge, sitting in place of PAULSON, J., disqualified.