**BISMARCK PUBLIC SCHOOLS,**
Plaintiff and Appellee,

v.

**David WALKER, Defendant
and Appellant.**

**Civ. No. 10809.**

Supreme Court of North Dakota.

June 27, 1985.

Pearce, Anderson & Durick, Bismarck, for plaintiff and appellee; argued by David E. Reich, Bismarck.

Chapman & Chapman, Bismarck, for defendant and appellant; argued by Charles L. Chapman, Bismarck.

North Dakota Legal Services, New Town, and Legal Assistance of North Dakota, Bismarck, amicus curiae.

LEVINE, Justice.

David Walker appeals from a judgment of the County Court of Burleigh County awarding Bismarck Public Schools a judgment in the amount of $210.00 plus statutory costs. We affirm.

The facts in this case are undisputed. The parties entered a written agreement under which the Bismarck Public Schools

agreed to transport Walker's three children by bus to and from school during the 1981–1982 school term. Under the contract, Walker agreed to pay the Bismarck Public Schools a total of $315.00 for this service. Bismarck Public Schools completely performed under the agreement by providing busing services for Walker's three children during the 1981–1982 school term. Walker paid $105.00 of the agreed price for the service but refused to pay the remaining balance of $210.00.

The Bismarck Public Schools then filed an action against Walker in small claims court seeking the remaining balance owed under the agreement. Walker removed the case to the county court, and in defense of the claim against him Walker asserted that Section 15–34.2–06.1, N.D.C.C.,[1] which, with limitations, allows a school district to charge a fee for school bus service, violates Article VIII, Section 2 of the North Dakota Constitution[2] providing for a uniform system of free public schools throughout the State.

The county court, concluding that Section 15–34.2–06.1, N.D.C.C., was not unconstitutional, entered judgment in favor of the Bismarck Public Schools. The sole issue raised by Walker on appeal is whether or not Section 15–34.2–06.1, N.D.C.C., is unconstitutional.

■ It is a well-settled rule of decision making that a court will refrain from deciding constitutional issues where there are appropriate alternative grounds to resolve the case before it. See *In Interest of Goodwin*, 366 N.W.2d 809 (N.D.1985); *State v. King*, 355 N.W.2d 807 (N.D.1984). Because there is an appropriate alternative ground for resolving this appeal, we decline to address the constitutional issue raised by Walker.

■ A party cannot seek to enjoy the benefits of a transaction under the law and thereafter challenge the validity of the transaction or the constitutionality of the law under which the benefits were sought. *Quist v. Best Western International, Inc.*, 354 N.W.2d 656 (N.D.1984); *Frieh v. City of Edgeley*, 317 N.W.2d 818 (N.D.1982); *Newman Signs, Inc. v. Hjelle*, 268 N.W.2d 741 (N.D.1978); *City of Fargo v. Annexation Review Commission*, 123 N.W.2d 281 (N.D.1963); *State v. Mundy*, 53 N.D. 249, 205 N.W. 684 (1925).

In *State v. Mundy, supra,* we held that, regardless of whether or not a law requiring a warehouseman's bond was constitutional, the individual giving the bond was liable on it based upon the following rationale:

"Both on principle and authority one who voluntarily enters into an engagement for the purpose of enjoying certain benefits and advantages and by virtue thereof reaps these advantages is precluded from denying the validity of his engagement or undertaking." 205 N.W. at 686.

In *Frieh, supra,* the City of Edgeley advertised for bids for the collection of

---

1. Section 15–34.2–06.1, N.D.C.C., provides as follows:

"*15–34.2–06.1. Charge for bus transportation optional.* The school board of any school district which has not reorganized pursuant to chapter 15–53.1, may charge a fee for schoolbus service provided to anyone riding on buses provided by the school district. For schoolbus service which was started prior to July 1, 1981, the total fees collected may not exceed an amount equal to the difference between the state transportation payment and the state average cost for transportation or the local school district's cost, whichever is the lesser amount. For schoolbus service started on or after July 1, 1981, the total fees collected may not exceed an amount equal to the difference between the state transportation payment and the local school district's cost for transportation during the preceding school year. Any districts that have not previously provided transportation for pupils may establish charges based on costs estimated by the school board during the first year that transportation is provided."

2. Article VIII, Section 2 of the North Dakota Constitution provides:

"*Section 2.* The legislative assembly shall provide for a uniform system of free public schools throughout the state, beginning with the primary and extending through all grades up to and including schools of higher education, except that the legislative assembly may authorize tuition, fees and service charges to assist in the financing of public schools of higher education."

garbage. The plaintiffs, who operated a private garbage and refuse removal business, submitted bids to receive the city's business, but another bidder was awarded the city contract. Thereafter, the plaintiffs challenged the city's actions, asserting that it was improper for the city to engage in a bidding process for obtaining garbage services in the absence of a city ordinance or resolution authorizing the process. In holding that the plaintiffs were precluded from challenging the city's contracting process Justice Sand, writing for a unanimous Court, stated:

"Our Court has repeatedly held that a party seeking to enjoy the benefits under a law cannot thereafter, in the same proceedings, question the constitutionality of the act ... We are not aware of any valid reason why the same rationale and concept should not apply to an action challenging the validity of the city's action as distinguished from an action challenging the legality of the law under which the city acted.

"Frieh's voluntary participation in the city's bidding process, not only once but twice, without raising any objection as to the city's authority or proper procedure amounts to consent and he cannot now be heard to complain or object because he did not receive the bid and contract." 317 N.W.2d at 819–820.

 Analogous to the situations in *Mundy, supra,* and *Frieh, supra,* we believe that in this case Walker, who sought and received benefits through the busing contract with the Bismarck Public Schools, as authorized under Section 15–34.2–06.1, N.D.C.C., is precluded from challenging the validity of the agreement or the constitutionality of that statutory provision which authorizes the fee charges for the contracted transportation. Having contracted to pay the school district $315.00 to transport his children to and from school during the 1981–1982 school term and having received those transportation services, Walker cannot now escape liability to pay the contract charges by challenging the constitutionality of the statute authorizing them.

For the reasons stated in this opinion, the judgment of the county court is affirmed.

ERICKSTAD, C.J., and MESCHKE GIERKE and VANDE WALLE, JJ., concur.