2008 ND 116

**BAUKOL BUILDERS, INC.,**
**Plaintiff and Appellant**

v.

**COUNTY OF GRAND FORKS,**
**Defendant and Appellee.**

No. 20060120.

Supreme Court of North Dakota.

June 9, 2008.

Aaron Anthony Dean (argued), Fabyanske, Westra, Hart & Thomson, Minneapolis, MN, and Thomas L. Zimney (on brief), Zimney Foster, P.C., Grand Forks, ND, for plaintiff and appellant.

Douglas A. Christensen (argued) and Sarah S. Barron (on brief), Pearson Christensen & Clapp, PLLP, Grand Forks, ND, for defendant and appellee.

John J. Petrik (on brief), Vogel Law Firm, Bismarck, ND, for amicus curiae Associated General Contractors of North Dakota.

SANDSTROM, Justice.

[¶ 1] Baukol Builders, Inc., the lowest dollar bidder for a public improvement construction contract with Grand Forks County, appeals from a district court judgment dismissing Baukol Builders' action for injunctive and declaratory relief against the County after the court decided the County's decision to award the contract to another bidder was not arbitrary, unreasonable, or capricious. Baukol Builders also appeals from orders denying its post-trial motions. Baukol Builders claims the County used unstated and unwritten criteria in awarding the contract to another bidder and the County's decision violated applicable competitive bidding statutes. We hold the County did not use unstated or unwritten criteria in awarding the contract to another bidder, the County's decision to award the contract to another bidder did not violate the applicable competitive bidding statutes and was not arbitrary, unreasonable, or capricious, and the court did not abuse its discretion in denying Baukol Builders' post-trial motions. We affirm.

I

[¶ 2] In 2005, Grand Forks County decided to construct a new regional correctional center to alleviate crowding at its jail facility. Grand Forks County sold about $16 million in bonds to pay for the new correctional center and planned to help finance the new correctional center with revenue from housing additional federal prisoners. According to the correctional facility administrator, the federal government had been paying the County $70 per day to house federal prisoners, but the rate was scheduled to increase to $110 per day per prisoner on October 1, 2005.

[¶ 3] Grand Forks County hired an architect to develop plans and specifications for the new correctional center, and it was decided to solicit bids for the correctional center in a series of three bid packages. On July 23 and 30, and August 6, 2005, the County published an "invitation to bid" in the Grand Forks Herald for Bid Package # 2, which consisted of the exterior shell for the new correctional center. The invitation to bid said bids would be received until August 11, 2005. A "call for bids" said construction would "start immediately" and the County's "suggested completion date of work [was] July 31, 2006." The "instructions to bidders" said the County anticipated an immediate award of the contract, and "[a]ll work should be substantially complete as soon as possible and the bidder shall indicate on his bid form the date he proposes to have the Work completed. The Owner's anticipated substantial completion date is July 31, 2006." The "bid form" required the bidder to state the number of calendar days in which the bidder agreed to complete the work. A pre-bid conference to consider questions from prospective bidders was

held on August 2, 2005. Representatives from two other prospective bidders attended the conference, but no representatives from Baukol Builders attended the conference.

[¶ 4] On August 11, 2005, Grand Forks County opened bids for Bid Package # 2 from three bidders: Baukol Builders, Construction Engineers, and Peterson Construction. Baukol Builders' bid for the project was $3,666,337, with a completion date of July 31, 2006. Construction Engineers' bid was $3,700,000, with a completion date of 270 calendar days, which the County calculated to be May 7, 2006. Peterson Construction's bid was $3,853,900, with a completion date of 329 calendar days. The Grand Forks County State's Attorney advised the County that a bidder's proposed completion date was a factor the County could consider in awarding the contract, because the bidder's proposed completion date was stated in the bid specifications, was required on the bid form, and would become the completion date in the contract between the County and the successful bidder. The state's attorney also advised the County:

> The present GFCCC is built to house 80 inmates. As of today, there are 110 inmates, not including work release. The GF County Commission has a right (if not a duty) to consider multiple factors in determining the lowest and best bidder. Given the plain wording of the bid specifications, and given the state of the law in ND as it exists today, the completion date of the project is a factor to be considered. Additional factors that have been considered by the Committee include: 1) cost of continuing to operate in the present GF County Correctional Center; 2) cost of debt/money (in the form of bonds); 3) the ability to generate revenue two months sooner under [Construction Engineers'] proposal as opposed to [Baukol Builders'] propos-

al; 4) other factors that the architect may deem relevant.

> In short, the award of the bid may be based upon other factors besides purely pecuniary factors.

On August 16, 2005, after discussions about the bidders' proposed completion dates and the potential for increased revenue from housing federal prisoners, the County awarded the contract to Construction Engineers.

[¶ 5] Baukol Builders then sued Grand Forks County to enjoin it from rejecting Baukol Builders' bid and to preclude the County from awarding the contract to another bidder. Baukol Builders sought a declaration that the County's decision to award the bid to the second lowest dollar bidder was illegal and void and that Baukol Builders was the lowest responsible bidder. The district court denied Baukol Builders' August 2005 request for a temporary restraining order.

[¶ 6] After a trial to the district court in November 2005, the court dismissed Baukol Builders' action. The court decided Grand Forks County's publication of the invitation to bid less than 21 days before opening the bids did not adversely affect Baukol Builders because it made a timely bid. The court concluded the County complied with the "lowest responsible bidder" requirement and the "lowest and best bidder" requirement of the applicable competitive bidding statutes, because those statutes allowed the County to exercise discretion to consider the ability, experience, integrity, efficiency, reputation, and capacity of the bidders. The court concluded each bidder's estimated completion date was an item of competition and the County was entitled to consider that an earlier completion date would generate additional revenue from the housing of federal prisoners, which could be applied to

reduce the County's obligation on the bonds. The court found the County's decision to award the contract to Construction Engineers was not the result of favoritism, fraud, collusion, or coercion. The court decided Baukol Builders failed to establish that the County's decision to award the contract to Construction Engineers was arbitrary, unreasonable, or capricious.

[¶ 7] Baukol Builders appealed. While the appeal was pending, this Court granted Baukol Builders' motion for a temporary remand to resolve post-trial motions. Baukol Builders then moved for a new trial under N.D.R.Civ.P. 59(b)(4), claiming newly discovered evidence that, contrary to the trial testimony of the correctional facility administrator, the County did not have a signed written contract to house additional federal prisoners at the increased rate of $110 per day beginning on October 1, 2005. The court denied Baukol Builders' motion for a new trial, concluding the claimed newly discovered evidence would not have changed the result of the trial. The court also granted Baukol Builders' request for additional discovery from the five county commissioners in office when the bid was awarded to Construction Engineers. After conducting additional discovery, Baukol Builders renewed its post-trial motion. The court denied Baukol Builders' renewed motion, again concluding the claimed newly discovered evidence would not have changed the outcome of the trial because the County had no reason to believe a rate increase for federal prisoners would not take effect on October 1, 2005. The court decided the County acted in good faith in August 2005 in deciding the anticipated increased jail revenue warranted an earlier completion date for the project. The

court concluded the County's failure to subsequently receive a rate increase did not negate its August 2005 decision to award the contract to Construction Engineers rather than to Baukol Builders.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 32–23–01. Baukol Builders' appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01, 28–27–02, and 32–23–07.

## II

■ [¶ 9] Baukol Builders contends Grand Forks County did not comply with the statutory requirement of N.D.C.C. § 48–01.1–03 (1999) for advertising for bids by publishing notice for three consecutive weeks before the date for opening bids. Baukol Builders contends the district court erred in failing to reject or annul the bidding process on that ground.

[¶ 10] At the time of these bids, N.D.C.C. § 48–01.1–03 (1999) provided that, if the estimated cost of a public improvement construction contract was greater than $100,000, "the governing body shall advertise for bids by publishing for three consecutive weeks, the first publication to be at least twenty-one days before the date of the opening of bids." *See* N.D.C.C. § 48–01.2–04(1) (Supp.2007) (implementing same 21–day requirement).[1] Grand Forks County does not dispute that its first publication of the advertisement for bids was less than 21 days before the opening of the bids.

■ [¶ 11] A party cannot seek to enjoy the benefits of a transaction under the law and thereafter challenge the validity of

---

1. Chapters 48–01.1 and 48–02, N.D.C.C., were repealed in 2007, and the current provisions for public improvement bids and con-

tracts are in N.D.C.C. ch. 48–01.2. *See* 2007 N.D. Sess. Laws ch. 403.

the transaction. *Quist v. Best W. Int'l, Inc.,* 354 N.W.2d 656, 664–65 (N.D.1984); *Frieh v. City of Edgeley,* 317 N.W.2d 818, 819–20 (N.D.1982). In *Frieh,* at 819, the City of Edgeley advertised for bids for the collection of garbage. *Id.* The plaintiffs submitted bids for the contract, but another bidder was awarded the contract. *Id.* The plaintiffs then challenged the city's decision, asserting it was improper for the city to engage in a bidding process for obtaining garbage services in the absence of a city ordinance or a resolution authorizing the process. *Id.* In holding the plaintiffs were precluded from challenging the city's contracting process, this Court said:

> Our Court has repeatedly held that a party seeking to enjoy the benefits under a law cannot thereafter, in the same proceedings, question the constitutionality of the act. We are not aware of any valid reason why the same rationale and concept should not apply to an action challenging the validity of the city's action as distinguished from an action challenging the legality of the law under which the city acted.

> Frieh's voluntary participation in the city's bidding process, not only once but twice, without raising any objection as to the city's authority or proper procedure amounts to consent and he cannot now be heard to complain or object because he did not receive the bid and contract.

*Id.* at 819–20 (citations omitted).

[¶ 12] The district court decided that opening the bids less than 21 days after the first publication of the advertisement for bids did not adversely affect Baukol Builders, because it made a timely bid. We agree with the district court that Baukol Builders did not establish it was harmed by the early opening of bids, and Baukol Builders, after submitting a timely bid, cannot now complain about the early opening of the bids.

## III

[¶ 13] Baukol Builders argues Grand Forks County used unstated and hidden criteria in its bid solicitation and specifications and awarded the contract to Construction Engineers in violation of the applicable competitive bidding requirements of N.D.C.C. ch. 48–01.1 (1999).

## A

[¶ 14] Baukol Builders claims Grand Forks County's decision to award the contract was based on three criteria that were not stated in the bid specifications: (1) job schedule and date of completion, (2) potential revenues for housing federal prisoners, and (3) saving interest expenses. Baukol Builders contends the County's failure to state those criteria in the bid specifications violates this Court's decisions in *Mini Mart, Inc. v. City of Minot,* 347 N.W.2d 131 (N.D.1984), and *Danzl v. City of Bismarck,* 451 N.W.2d 127 (N.D.1990). Grand Forks County responds it did not rely on unstated and hidden criteria in awarding the bid, because the job schedule and date of completion were identified in the instructions to bidders.

[¶ 15] In *Mini Mart,* 347 N.W.2d at 133, an applicant for a retail beer license challenged a city's refusal to issue the license. The applicant claimed the city relied upon unwritten criteria of "the demography of the area, the geography, and the public mood respecting driving while under the influence of alcoholic beverages" in denying the license application. *Id.* This Court affirmed the district court's decision to grant a writ of mandamus and order the city to issue the license to the applicant, concluding the city could not rely on unwritten standards and criteria in denying the application. *Id.* at 141.

■ [¶ 16] Here, Grand Forks County's "call for bids" and "instructions to

bidders" said construction would "start immediately" and "[a]ll work should be substantially complete as soon as possible and the bidder shall indicate on his bid form the date he proposes to have the Work completed." The bid form specifically required each prospective bidder to state its completion date for the contract. Baukol Builders does not contend a completion date cannot be an item of competition for competitive bidding. We agree with the district court that the language in the call for bids, the instructions to bidders, and the bid form made the completion date a stated item of competition for the contract for the new correctional center and authorized Grand Forks County to consider the prospective bidder's proposed completion date, which necessarily implicated additional potential revenue from housing federal prisoners and savings on interest expenses. Because the County's decision to award the contract to Construction Engineers was not based on unwritten criteria, we conclude Baukol Builders' reliance on *Mini Mart* is misplaced.

[¶ 17] In *Danzl*, 451 N.W.2d at 128, this Court considered an appeal in a taxpayer's action to enjoin a city from constructing an addition to a public building. After bids for the four separate prime contracts for plumbing and heating, ventilation and air conditioning, electrical, and general were opened, the city negotiated with the four low bidders for lower prices based on revisions in the plans and specifications, and contracts were executed on the basis of those revisions. *Id.* The taxpayer claimed the procedure for renegotiation and revision of plans violated the competitive bidding statutes. *Id.* This Court described the purpose of the competitive bidding statutes:

Statutory competitive bidding requirements are enacted for the benefit of the public and taxpayers to invite competition; to prevent favoritism, fraud, corruption, improvidence, extravagance, and collusion; and to secure the best work or supplies at the lowest price practicable. Competitive bidding requirements "promote honesty, economy, and aboveboard dealing in the letting of public contracts."

*Danzl*, at 130 (citations omitted). This Court concluded the city violated the competitive bidding statutes when it revised specifications to reduce construction costs and negotiated with the four separate low bidders without affording other bidders an opportunity to bid on the revised project. *Id.* at 131. *See also Becker Elec., Inc. v. City of Bismarck*, 469 N.W.2d 159, 162 (N.D.1991) (holding contractor not entitled to recover bid preparation costs after court decided city violated competitive bidding statutes). *Danzl* involved a change in contract plans and specifications after bids were opened and is not controlling because this case does not involve changes in plans and specifications.

[¶ 18] We conclude *Mini Mart* and *Danzl* are not controlling, and we consider Baukol Builders' arguments about the competitive bidding statutes in the context that the completion date was a stated item of competition for the contract.

### B

[¶ 19] Baukol Builders asserts it was the "lowest responsible bidder" for the contract under N.D.C.C. § 48-01.1-02 (1999), and the district court erred in deciding Grand Forks County's award of the contract to Construction Engineers satisfied the requirements of that statute. Baukol Builders argues the plain language of N.D.C.C. § 48-01.1-02 did not give Grand Forks County discretion to weigh a bidder's relative responsibility in determining the most responsible bidder. Baukol Builders asserts the particular lan-

guage in N.D.C.C. § 48–01.1–02 regarding criteria for awarding contracts controls the general language in N.D.C.C. § 48–01.1–07 (1999) to "award the contract to the lowest and best bidder."[2]

[¶ 20] Grand Forks County argues N.D.C.C. §§ 48–01.1–02 and 48–01.1–07, when construed together, required a governing body to award a contract to the "lowest responsible bidder" and to the "lowest and best bidder," not to the lowest dollar bidder. Grand Forks County asserts those statutes, construed together, authorized the County to exercise discretion in awarding the bid and allowed it to consider the ability, capacity, experience, integrity, efficiency, and reputation of the bidder.

[¶ 21] During the bidding procedure for this contract, N.D.C.C. § 48–01.1–02 (1999) authorized a governing body to award a public improvement construction contract to the "lowest responsible bidder" and provided:

> A governing body shall award a contract for the construction of a public improvement under this chapter to the lowest responsible bidder. The governing body may reject any bid and readvertise for proposals if no bid is satisfactory, or if it believes any agreement has been entered into by the bidders or others to prevent competition. If the governing body determines that an emergency situation exists, a contract may be made without seeking bids.

Section 48–01.1–07, N.D.C.C. (1999), dealt with awards of public improvement contracts to the "lowest and best bidder" and provided:

> At the time and place specified in the notice, the governing body shall open publicly and read aloud all bids received and thereafter award the contract to the lowest and best bidder or reject all bids. The governing body may advertise for new bids in accordance with this chapter until a satisfactory bid is received. The governing body shall require the contractor to whom the contract is awarded to post a bond in accordance with chapter 48–02.

Other statutes in N.D.C.C. chs. 48–01.1 (1999) and 48–02 (1999) also referred to the lowest and best bidder or bids. *See* N.D.C.C. §§ 48–01.1–05(4); 48–01.1–06; 48–02–10.2.

▬ [¶ 22] Statutory interpretation is a question of law, fully reviewable on appeal. *In re P.F.*, 2008 ND 37, ¶ 11, 744 N.W.2d 724. The primary purpose of statutory interpretation is to determine legislative intent. *Estate of Elken*, 2007 ND 107, ¶ 7, 735 N.W.2d 842. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. If the language of a statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute. N.D.C.C. § 1–02–39.

[¶ 23] Sections 48–01.1–02 and 48–01.1–07, N.D.C.C., are both general statutes

---

2. The current provisions for public improvement bids and contracts define "lowest responsible bidder" to mean "the lowest best bidder for the project considering past experience, financial condition, past work with the governing body, and other pertinent attributes that may be identified in the advertisement for bids." N.D.C.C. § 48–01.2–01(19) (Supp. 2007). *See* n. 1.

that deal with the "award" of public improvement construction contracts, and when construed together, they do not require a public entity to award a contract to the lowest bidder. Rather, the plain language of those statutes requires the award to the "lowest responsible bidder" and the "lowest and best bidder." In 2002, the attorney general issued a formal opinion, stating the term "lowest and best bidder" in those competitive bidding statutes was at least as comprehensive as the term "lowest responsible bidder." N.D. Op. Atty. Gen. 2002–F–04. Relying on *Chaffee v. Crowley*, 49 N.D. 111, 190 N.W. 308 (1922), and *Ellingson v. Cherry Lake Sch. Distr.*, 55 N.D. 141, 212 N.W. 773 (1927), the attorney general concluded a public entity has discretion to determine the lowest responsible bidder and may consider the bidder's ability, skill, reputation, integrity, experience, efficiency and capacity. N.D. Op. Atty. Gen. 2002–F–04.

[¶ 24] In *Chaffee*, 49 N.D. at 114, 190 N.W. at 308, this Court said it was well recognized that an earlier version of the law for awarding public construction contracts to the lowest responsible bidder granted the governing body discretionary authority to consider the bidder's ability, capacity, reputation, experience, and efficiency. This Court affirmed a decision to award a bid to the prospective bidder with the third lowest dollar bid, stating there was "no showing [the county commissioners] did not exercise their best judgment within the discretion they possessed in selecting the lowest responsible bidder, nor that they acted in bad faith or other than for the best interests of the county." *Id.*

[¶ 25] In *Ellingson*, 55 N.D. at 148, 212 N.W. at 775, this Court reiterated that the word "responsible" in the phrase "lowest responsible bidder" means something more than mere financial responsibility; it means responsibility regarding the duty to

be assumed by the contractor under the particular contract and includes all the various elements that bear on the question, such as the integrity of the bidder, and the bidder's skill, ability, and capacity to perform the particular work. This Court sustained a school board's award of a contract to a highest dollar bidder, stating there was no claim that the school board acted arbitrarily, fraudulently, or collusively, or that its judgment was influenced by improper motives. *Id.* at 148–49, 212 N.W. at 776.

[¶ 26] Formal opinions of the attorney general are entitled to respect, and courts should follow them if they are persuasive. *Roe v. Doe*, 2002 ND 136, ¶ 12, 649 N.W.2d 566. Although not binding on courts, an attorney general's opinion nevertheless has an important bearing on the construction and interpretation of a statute. *Edinger v. Governing Auth. of Stutsman County Corr. Ctr.*, 2005 ND 79, ¶ 13, 695 N.W.2d 447.

[¶ 27] We conclude the 2002 attorney general's opinion is persuasive and consistent with this Court's prior interpretations of lowest responsible bidder and the language of the applicable competitive bidding statutes. We conclude those authorities allowed Grand Forks County to exercise some discretion in awarding the public improvement construction contract to the "lowest responsible bidder" and, when coupled with the use of the date of completion as an item of competition, allowed the County to consider the bidder's ability, capacity, reputation, experience, and efficiency. *See also* 64 Am.Jur.2d *Public Works and Contracts* §§ 67, 70 (2001) (recognizing public authorities have some discretion in awarding public contracts under statutes requiring award to lowest responsible bidder and lowest and best bidder). We therefore hold the district court did not err in construing the

applicable competitive bidding statutes to authorize a governing body to exercise some discretion in awarding a public improvement construction contract to the lowest responsible bidder.

### C

■ [¶ 28] Baukol Builders argues that even if Grand Forks County had discretion to award the contract to Construction Engineers, the County abused its discretion.

[¶ 29] As we have already concluded, the completion date was a stated item of competition for the contract, and this record reflects an early completion date and the additional potential revenue and interest savings were important factors in Grand Forks County's decision to award the contract to Construction Engineers. The district court found there was no favoritism, fraud, corruption, or collusion in the County's decision to award the contract to Construction Engineers. *See Danzl*, 451 N.W.2d at 132 (no allegation of favoritism, fraud, corruption, collusion, or lack of good faith); *Ellingson*, 55 N.D. at 148, 212 N.W. at 776 (no claim school board acted fraudulently, collusively, or arbitrarily, or its judgment was influenced by improper motives, and record showed school board acted in good faith); *Chaffee* 49 N.D. at 114, 190 N.W. at 308 (no showing governing authority acted in bad faith or other than in the best interests of the county). The court's factual findings about no favoritism, fraud, corruption, or collusion are not clearly erroneous under N.D.R.Civ.P. 52(a). On this record, we conclude the district court did not err in deciding Grand Forks County did not abuse its discretion in awarding the contract to Construction Engineers.

### IV

[¶ 30] Baukol Builders argues the district court erred in denying its post-trial motions and in not awarding it attorney fees.

### A

■ [¶ 31] Baukol Builders claims Grand Forks County used false testimony and false evidence to further its justification for awarding the contract to Construction Engineers. The claimed false evidence pertains to trial testimony by the correctional facility administrator that there was a federal contract beginning on October 1, 2005, for housing federal inmates in the new jail for $110 per day, which would help pay for the jail and justify an earlier completion day for the project. Baukol Builders asserts Grand Forks County knew there was no federal contract at least by December 2005, which was after the November 2005 trial, and failed to correct the record before the district court issued its decision in February 2006. Baukol Builders asserts this Court should "correct this massive fraud."

■ [¶ 32] Under N.D.R.Civ.P. 59(b)(4), a district court may vacate a decision and grant a new trial if there is newly discovered material evidence that the party, with reasonable diligence, could not have discovered and produced at the trial. Before a new trial is granted on the ground of newly discovered evidence, the movant must establish: 1) the evidence was discovered following trial; 2) the movant exercised due diligence in discovering the evidence; 3) the evidence was not merely cumulative or impeaching; 4) the evidence was material and admissible; and 5) the evidence probably would have produced a different result. *Johnson v. Johnson*, 2001 ND 109, ¶ 6, 627 N.W.2d 779. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the district court, and the court's decision will not be re-

versed on appeal absent an abuse of discretion. *Keyes v. Amundson,* 391 N.W.2d 602, 604 (N.D.1986). A court abuses its discretion if its decision is arbitrary, capricious, or unreasonable, or if it misinterprets or misapplies the law. *Bertsch v. Bertsch,* 2007 ND 168, ¶ 10, 740 N.W.2d 388.

[¶ 33] The district court decided the claimed newly discovered evidence would not have changed the outcome of the trial, because when Grand Forks County made its August 2005 decision to award the contract to Construction Engineers, the County had no reason to believe a rate increase would not take effect on October 1, 2005, and the County's failure to receive a subsequent rate increase did not negate its earlier decision. There was evidence that when Grand Forks County awarded the contract in August 2005, it believed it would receive a rate increase for additional federal prisoners, effective October 1, 2005. On this record, we cannot say the court's decision to deny Baukol Builders' post-trial motions was arbitrary, capricious, or unreasonable, and we therefore conclude the court did not abuse its discretion in denying Baukol Builders' post-trial motions.

B

[¶ 34] Baukol Builders claims it is entitled to attorney fees under N.D.C.C. § 28-26-31, or *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

[¶ 35] Absent statutory or contractual authority, each party to a lawsuit bears its own attorney fees under North Dakota law. *Danzl v. Heidinger,* 2004 ND 74, ¶ 6, 677 N.W.2d 924. Section 28-26-31, N.D.C.C., authorizes a court to award attorney fees for "[a]llegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue." In *Chambers,* 501

U.S. at 35, 111 S.Ct. 2123, the United States Supreme Court held federal courts have inherent power to assess attorney fees as a sanction for a party's bad-faith conduct in litigation.

[¶ 36] Here, the district court found Grand Forks County acted in good faith regarding the information about the reimbursement rate for federal prisoners and the later information would not have changed the court's decision. In view of the district court's finding about the County's good faith, we conclude Baukol Builders is not entitled to attorney fees under N.D.C.C. § 28-26-31, or, assuming its rationale is applicable here, under *Chambers.*

V

[¶ 37] We affirm the judgment and the orders denying Baukol Builders' post-trial motions.

[¶ 38] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and MARY MUEHLEN MARING, JJ., and ALLAN L. SCHMALENBERGER, D.J., concur.

[¶ 39] The Honorable ALLAN L. SCHMALENBERGER, D.J., sitting in place of KAPSNER, J., disqualified.